UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMED M. MOUSA,<br><br>Petitioner,<br><br>v.<br><br>JON GURULE, ICE Field Office Director, et al.,<br><br>Respondents. | NO. C14-1018-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

Mohammed M. Mousa, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. 1.  He has not paid the filing fee or filed a proper application to proceed *in forma pauperis*.  In any event, it is apparent that venue is not proper in the Western District of Washington, and therefore the Court recommends that this case be DISMISSED.

Writs of habeas corpus may be granted by the district courts "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian.  *Braden v. 30th Judicial Cir. Court of Kentucky*, 410 U.S. 484, 494-95 (1973).  A petitioner filing a § 2241 habeas petition must file in the judicial district of the petitioner's custodian.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir.

REPORT AND RECOMMENDATION - 1

2000) ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court"); *Brown v. United States*, 610 F.3d 672, 677 (9th Cir. 1990).  Here, petitioner claims he has been illegally detained since December 12, 2013, at the Florence Detention Center in Florence, Arizona.  Therefore, venue is proper in the District of Arizona, not in the Western District of Washington.

If venue is improper, the Court shall dismiss the case or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought.  28 U.S.C. § 1406(a).  On June 10, 2014, petitioner filed what appears to be an identical habeas petition in the District of Arizona, under cause number 14-CV-01290-DLR-JFM.  Because petitioner is already pursuing his claims in the proper venue, the Court finds that the interests of justice would not be served by transferring this case to Arizona.  Accordingly, the Court recommends that this matter be DISMISSED pursuant to § 1406(a).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 11, 2014**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 15, 2014**.

DATED this 21st day of July, 2014.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2